# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT PADUCAH

BRIAN GLENN DAMRON                                              PLAINTIFF

v.                                          CIVIL ACTION NO. 5:22CV-P41-TBR

JAILER BRAD HEWELL *et al.*                                         DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Plaintiff Brian Glenn Damron filed the instant *pro se* 42 U.S.C. § 1983 action. At the time he filed the action, he was a convicted inmate at the Christian County Jail (CCJ); he has since been released. The amended complaint (DN 10)[1] is now before the Court for initial screening pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss some of Plaintiff's claims, allow other claims to proceed for further development, and allow Plaintiff to file a second amended complaint.

## I. SUMMARY OF FACTUAL ALLEGATIONS

Plaintiff names the following Defendants in his amended complaint: Christian County Jailer Brad Hewell; Chris Weatherspoon, identified as a "Jail Physician" for CCJ; Davy Byrd, identified as a CCJ Captain; and Steve Howard, identified as a "Colonel-Jail Sup." He sues each Defendant in his individual and official capacities.

Plaintiff states that he "suffers from serious military service-connected debilitating medical conditions from multiple back surgeries associated with injuries sustained during US Army Airborne Operations, with an implanted inoperable Boston Scientific Spinal Cord Stimulator Medical Device and other serious medical conditions." He alleges that CCJ "failed to

---

[1] By prior Order (DN 8), the Court found that the original complaint (DN 4) did not meet the pleading standard of Fed. R. Civ. P. 8(a). However, the Court gave Plaintiff the opportunity to file an amended complaint which meets the Rule 8 standard.

conduct any type of medical triage or medical processing to determine my medical condition upon arrival on December 22, 2021." He reports that he "is a Major, US Army, Retired with 21 years active duty and multiple deployments." He also maintains that he "is 90% Department of the Veteran's Affair Disability rated connected to military service pending 100% rating" and "is 100% Office of Personnel Management Civil Service Disability rated connected to military service." He also reports that he worked as a civil service employee at Fort Campbell for 15 years after his military retirement "until medically retired by OPM."

Plaintiff states that he was lodged at CCJ in a cell with 17 inmates and 8 bunks. He asserts, "Plaintiff laid on the cell floor from December 22, 2021 to March 29, 2022 on a very thin sleep pad. Plaintiff requested a medical pad at Sick Call on multiple occasions and was informed the jail did not have medical pads." He also states as follows:

> Cell Lock in time without any form of recreation or exercise was once every 45 days. The overcrowding with 9 inmates sleeping on the floor caused frequent violent fights and limited any in cell exercise to include only a few steps of walking.
>
> Exercise is a basic human need especially with my pre-existing and post incarceration serious medical condition. Lack of any form of exercise further exacerbated my serious medical condition and caused more extreme pain and suffering, and unnecessary and wanton infliction of severe pain and suffering.

Plaintiff also states that when he arrived at CCJ he "presented jail staff with medical documents indicating serious medical condition, to include recent fall in Ohio County Jail while working as a Trustee." He reports that he "requested and went to Sick Call 5-6 times during his incarceration and was only prescribed ibuprofen by Dr. Chris Weatherspoon." He further states as follows:

> On December 24, 2021, Dr. Chris Weatherspoon, attending Jail Physician, laughed at me when I informed him of my serious medical condition and that I was in severe pain, and that my Boston Scientific Spinal Coordinator was inoperable after falling in the Ohio County Jail while working as Trustee down 14 flights of steps and knocked unconscious. Ohio County Jail transported me the Ohio County Hospital

> Emergency Room for treatment in August 2021 for treatment.  Dr. Weatherspoon had my medical documents in his possession.

Plaintiff asserts that Defendant Weatherspoon "insulted me and did not even exam me" and "disregarded my medical complaints on multiple sick calls."  He alleges a claim of deliberate indifference to his serious medical needs.

Plaintiff further maintains that he "wrote correspondence multiple times to the Jailer, Brad Hewell; Captain Davy Byrd; and Colonel Steve Howard seeking medical attention for my serious medical condition to no aval.  Plaintiff did not receive a response or any contact from aforementioned Jail Supervisors and Jailer."  He states, "Christian County Jail and the named employees created a deliberate indifference by their actions or inactions, acted in their official capacities as State and County Employees" by "a) Denial and or delay of access to medical treatment for a serious medical condition.  b) Intentionally interfering with treatment previously prescribed which created a form of deliberate indifference."

Plaintiff also reports that since he was released from CCJ, he has "undergone surgery to replace Boston Scientific Spinal Cord Stimulator at Vanderbilt University on April 29, 2022" and "undergone 3 MRI (Cervical, Thoracic and Lumbar Spine) in June 2022 at Baptist Health, Paducah diagnosing Plaintiff with serious pre-existing medical condition and new serious cervical and lumbar spine conditions."  He also states that he is undergoing physical therapy.  Plaintiff alleges that he "suffered irreparable harm in the form of extreme pain and suffering in the form of constant continued physical and mental pain and suffering with increased numbness in my Cervical and Lumbar Spine Regions to the point I was unable to get up off the floor many days."  He states, "As a result of Deliberate Indifference to my Serious Medical Condition, Defendants' actions or inactions constituted unnecessary and wanton infliction of pain and suffering on Plaintiff."

As relief, Plaintiff seeks compensatory and punitive damages.

## II. STANDARD

When a prisoner[2] initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to

---

[2] While Plaintiff has now been released from custody, a plaintiff's status as a "prisoner" under § 1915 "turns on whether the inmate was confined when suit was filed." *Lapine v. Romanowski*, No. 15-cv-11362, 2015 U.S. Dist. LEXIS 76056 * (E.D. Mich. June 12, 2015) (citing *Jaros v. Ill. Dep't of Corr.*, 684 F.3d 667, 669 n.1 (7th Cir. 2012)).

be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III. ANALYSIS

#### A. *Deliberate indifference to serious medical needs*

Upon review, the Court will allow Plaintiff's claim for deliberate indifference to serious medical needs in violation of the Eighth Amendment to proceed against Defendant Weatherspoon in his individual capacity.

With regard to the official-capacity claim against Defendant Weatherspoon, "[o]fficial-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Plaintiff alleges that all Defendants are employees of CCJ. Therefore, Plaintiff's official-capacity claim against Defendant Weatherspoon is actually brought against his employer, Christian County. *Id*. at 165.

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). In regard to the second component, a municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis*

*Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

Plaintiff does not allege that Defendant Weatherspoon denied him medical treatment pursuant to a policy or custom of Christian County but instead alleges denial of treatment affecting only him. Accordingly, Plaintiff's official-capacity claim against Defendant Weatherspoon will be dismissed for failure to state a claim upon which relief may be granted.

Plaintiff also alleges that he "wrote correspondence multiple times to the Jailer, Brad Hewell; Captain Davy Byrd; and Colonel Steve Howard seeking medical attention for my serious medical condition to no aval. Plaintiff did not receive a response or any contact from aforementioned Jail Supervisors and Jailer." The doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell*, 436 U.S. at 691; *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). "[S]imple awareness of employees' misconduct does not lead to supervisor liability." *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003) (citing *Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 728 (6th Cir. 1996)). Rather, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *Loy v. Sexton*, 132 F. App'x 624, 626 (6th Cir. 2005) ("In order for supervisory liability to attach, a plaintiff must prove that the official 'did more than play a passive role in the alleged violation or showed mere tacit approval of the goings on.'") (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)). Supervisory liability "must be based on active unconstitutional behavior and cannot be

based upon 'a mere failure to act.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)).

Plaintiff's allegations against Defendants Hewell, Byrd, and Howard are based on their failure to act, which does not give rise to a constitutional violation. Therefore, Plaintiff's individual and official-capacity claims against these Defendants will be dismissed for failure to state a claim upon which relief may be granted.

### B. Conditions of confinement

Plaintiff alleges that he was housed in an overcrowded cell where he was required to sleep on the floor, denied a medical pad, and denied recreation and exercise. The Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing *Terrance v. Northville Reg'l Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)). Plaintiff does not specify which of the Defendants, if any, caused him to be placed in these conditions. *See, e.g.*, *Lister v. Allen Oakwood Corr. Inst.*, No. 3:19-cv-1583, 2020 U.S. Dist. LEXIS 40093, at *7-8 (N.D. Ohio Mar. 9, 2020) (dismissing claims where the plaintiff generically alleged unconstitutional actions were committed by "Defendants" or "they" for failure to specify which defendant or defendants violated the plaintiff's rights) (citing *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002)). Therefore, Plaintiff's claims based upon his conditions of confinement mut be dismissed for failure to state a claim.

Before dismissing these claims upon initial review, however, the Court will allow Plaintiff to file a second amended complaint to name the specific individuals who he alleges

caused him to be placed in these conditions and to describe how each was personally involved in the violation of his rights. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) (allowing for amendment).

## IV.  CONCLUSION

For the reasons set forth herein, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** that Plaintiff's official-capacity claim against Defendant Weatherspoon and his individual and official-capacity claims against Defendants Hewell, Byrd, and Howard are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The **Clerk of Court shall terminate** Defendants Hewell, Byrd, and Howard as parties to the action as no claims remain against them.

As stated above, the Court will give Plaintiff an opportunity to file a second amended complaint.  It is therefore

**ORDERED** that within **30 days** from the entry date of this Memorandum Opinion and Order, **Plaintiff shall file a second amended complaint** to name the specific individuals who he alleges caused him to be placed in the conditions described in the amended complaint and to describe how each was personally involved in the violation of his rights.

The Court will conduct an initial review of Plaintiff's second amended complaint pursuant to § 1915A.  Should Plaintiff fail to file a second amended complaint within the allotted amount of time, **Plaintiff is WARNED that his claims concerning his conditions of confinement will be dismissed for the reasons stated herein.**

**The Clerk of Court is DIRECTED** to send Plaintiff a 42 U.S.C. § 1983 complaint form packet with this case number and the word "Second Amended" written in the caption.

Date: August 24, 2022

**Thomas B. Russell, Senior Judge**
**United States District Court**

cc: Plaintiff, *pro se*
    Defendants
    Christian County Attorney
4413.010